UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VERIZON NEW YORK, INC.,

                Plaintiff,

       v.
                                            ORDER
                                            05-CV-733A

ROBERT SHEEHY
SANDRA K. SHEEHY,

                Defendants.

---

## INTRODUCTION

Currently before the Court is a motion by plaintiff Verizon New York Inc. ("Verizon") to remand this action to New York State court, and for costs and attorneys' fees in connection with the motion to remand. For the reasons stated, the motion to remand is granted. The issue of attorneys fees will be addressed in a subsequent order.[1]

## BACKGROUND

Verizon commenced this action in New York State Supreme Court, Allegany County, against defendants Robert and Sandra Sheehy, alleging that the

---

[1] Notwithstanding remand, this Court retains jurisdiction to resolve an outstanding motion for attorneys' fees. See Bryant v. J.D. Britt, 420 F.3d 161 (2d Cir. 2005).

1

defendants had improperly denied Verizon access to a portion of their property over which Verizon claims to have an easement. The property at issue is a farm located in the Town of Scio, in Allegany County, New York.

### A.  First Removal

On May 28, 2003, the defendants, acting *pro se*, removed the action to this Court under 28 U.S.C. § 1441(b). On June 13, 2003, Verizon moved to remand the matter to state court for lack of subject matter jurisdiction, and requested that this Court award attorneys' fees and costs in connection with the motion to remand. On November 12, 2003, this Court granted Verizon's motion to remand upon finding that subject matter jurisdiction was lacking. See Dkt. No. 11 in 03-CV-420A (Court's November 12, 2003 Remand Order). However, the Court denied Verizon's request for attorneys' fees and costs. Id. Although the Court recognized that it had the discretion to award attorneys' fees and costs, the Court declined to do so upon finding that the defendants were not attorneys, were proceeding *pro se*, and appeared to have removed the matter based upon a good faith (albeit erroneous) belief that this Court had jurisdiction over the case. Judgment was entered on November 13, 2003.

### B.  Second Removal

On October 14, 2005, two years after judgment was entered, the defendants, acting *pro se*, again removed the *same* state court action to this Court. On October 17, 2005, Verizon filed a second motion to remand the action back to state

court, and a second motion for attorneys' fees and costs.  On November 7, 2005, the defendants filed a response in opposition to the motion, and on November 16, 2005, Verizon filed a reply.  Oral argument was deemed unnecessary.

## DISCUSSION

As this Court stated in its November 12, 2003 order remanding the case to state court, the defendants bear the burden of demonstrating that federal subject matter jurisdiction exists.  See Pan Atlantic Group, Inc. v. Republic Ins. Co., 878 F. Supp. 630, 638 (S.D.N.Y. 1995).  If subject matter jurisdiction is lacking, the case must be remanded.  See 28 U.S.C. § 1447(c).

The defendants assert that federal question jurisdiction exists[2] under various federal statutes (i.e. the Food, Drug and Cosmetic Act and the Federal Meat Inspection Act) because the property rights of their farm are at issue.  The Court rejects this argument.  The fact that Verizon's easement is located on farmland does not somehow create federal jurisdiction over a purely state law matter.  As this Court stated in its November 2003 remand order, in determining whether federal question jurisdiction exists, the Court must look to the face of the state court complaint.  If a federal issue is not apparent from the face of the complaint, federal question jurisdiction is lacking.  See D'Alessio v. New York Stock Exchange, Inc, 253 F.3d 93, 100 (2d Cir.), cert. denied, 534 U.S. 1066 (2001).

---

[2] The defendants do not assert that diversity jurisdiction exists and this Court has previously found that diversity is lacking.  Accordingly, removal is only proper if the federal question jurisdiction exists.

The complaint at issue in this case seeks enforcement of an easement over the defendants' property. It is clearly a property rights claim asserted under state law. Despite the defendants' assertions to the contrary, there is simply no federal subject matter jurisdiction over the claim. Therefore, the Court finds that Verizon's motion to remand should be granted.

## **CONCLUSION**

For the reasons stated, Verizon's motion to remand is granted. The defendants outstanding motion for reconsideration of this Court's November 3rd order denying their motion to proceed *in forma pauperis* is denied as moot. The Clerk of the Court shall take all steps necessary to close this case and to reject any further efforts by the defendants to remove the New York State court action, Index. No. 29110, to this Court. The Clerk shall also mail a certified copy if this remand order to Clerk of the State Court, pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

　　　　/s/ *Richard J. Arcara*
　　　　HONORABLE RICHARD J. ARCARA
　　　　CHIEF JUDGE
　　　　UNITED STATES DISTRICT COURT

DATED: November   22   , 2005